1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LLOYD V. RAMIREZ,                          No.  2:16-cv-2640 DB

12                  Plaintiff,

13        v.                                     ORDER

14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,
15

16                  Defendant.

17

18        Plaintiff commenced this social security action on November 7, 2016.  (ECF No. 1.)  Both

19   parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28

20   U.S.C. § 636(c).  (ECF Nos. 7 & 8.)  On March 9, 2018, defendant filed a motion to strike

21   plaintiff's motion for summary judgment.  (ECF No. 22.)  Therein, defendant argues that

22   plaintiff's motion for summary judgment should be stricken because it was filed three months

23   late.  (Id. at 2.)  Plaintiff filed an opposition on April 13, 2018.  (ECF No. 24.)

24        A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any

25   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

26   Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and

27   money that must arise from litigating spurious issues by dispensing with those issues prior to trial

28   . . . ."  Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy,

                                                 1

Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)), *rev'd on other grounds by* Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike is well-taken when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992). Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation. Fantasy, Inc., 984 F.2d at 1527. "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person. Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992).

Ultimately, whether to grant a motion to strike applying these standards lies within the sound discretion of the district court. Fantasy, Inc., 984 F.2d at 1527; see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).[1]

Here, plaintiff's motion for summary judgment does not contain an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Although defendant is correct that plaintiff's motion is untimely, striking plaintiff's motion for summary judgment is an extreme sanction for such a violation, especially in the absence of any prejudice suffered by defendant. Plaintiff is cautioned, however, to ensure compliance with the court's orders and all applicable deadlines.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's March 9, 2018 motion to strike (ECF No. 22) is denied;

2. Defendant shall file an opposition to plaintiff's motion for summary judgment within 30 days from the date of this order; and

////

////

---

[1] Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted. Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should therefore not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation. Lilley v. Charren, 936 F.Supp. 708, 713 (N.D. Cal. 1996).

3.  Plaintiff's reply, if any, shall be filed within 20 days from service of defendant's opposition.

Dated:  May 22, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\ramirez2640.12(f).ord