UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD V. RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-2640 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Social Security Administration Appeals Council erred in assessing against plaintiff an overpayment of benefits.[2] For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

[2] Neither the record nor the parties' briefing reveal the basis for plaintiff's disability.

1

PROCEDURAL BACKGROUND

The procedural history of plaintiff's receipt of benefits is complicated to say the least. On October 29, 2004, plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") was granted and plaintiff was found entitled to benefits beginning April 2002. (Transcript ("Tr.") at 7, 69.) Thereafter, "[a]s a result of the removal of erroneous earnings and the receipt of public disability payments, Social Security determined that [plaintiff] was overpaid $4,293.30 in disability insurance benefits between April 2002 and August 2007." (Id. at 69.)

Plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on August 30, 2011. (Id.) On September 7, 2011, the ALJ issued a decision. The ALJ found that "the Administration [had] failed in its responsibility to adequately document the existence of the outstanding overpayment of disability insurance benefits between April 2002 and August 2007 by substantial evidence." (Id. at 71.) Accordingly, the outstanding overpayment order was vacated and plaintiff was "not required to repay the overpayment." (Id.)

Then, on October 11, 2012, the Social Security Administration ("SSA") found that plaintiff had been underpaid $4,293. (Id. at 91-92.) Plaintiff filed a request for reconsideration of this decision, believing that plaintiff was "yet underpaid for monies withheld me." (Id. at 94.) As explained by defendant's motion for summary judgment, "on April 23, 2013, the Agency denied the beneficiary's request for reconsideration and found that the overpayment determination was correct."[3] (Def.'s MSJ (ECF No. 27) at 2-3; see also Tr. at 95.)

Plaintiff again requested a hearing. (Tr. at 99.) On August 19, 2013, "[w]hile preparing . . . for the hearing" the SSA determined that the "correct overpayment amount is $1,755.00." (Id. at 123.) On May 5, 2014, plaintiff appeared at a hearing before an ALJ. (Id. at 27.) Plaintiff was represented by a non-attorney representative and testified at the hearing. (Id.) On May 12, 2014 the ALJ issued a decision finding that plaintiff was "liable for the amount of $1,755.00" due to an overpayment of benefits. (Id. at 31.)

---

[3] It is unclear from the record and the parties' briefing, how the issue changed from an underpayment to an overpayment.

2

Plaintiff appealed the ALJ's May 12, 2014 decision. (Id. at 22-23.)

On September 6, 2016, the Appeals Council vacated the ALJ's May 12, 2014 decision and entered the following findings:

> 1. The claimant was overpaid $5176 in disability benefits from September 2007 through July 2013.
>
> 2. Recovery is waived for $983 of the overpayment.
>
> 3. The claimant is liable for repayment of $4193 of the overpayment.
>
> 4. The claimant is not underpaid benefits.

(Id. at 10.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 7, 2016. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

## APPLICATION

Plaintiff's motion argues that the Appeals Council's decision "is the result of bad math" and that "the Administration owes him $100." (Pl.'s MSJ (ECF No. 21) at 4.[4]) Defendant argues

---

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

that "the Appeals Council's finding that Plaintiff was responsible for an overpayment in September 2012 was based upon substantial evidence and the Council's analysis was legally sufficient." (Def.'s MSJ (ECF No. 27) at 6.) However, based on the extremely muddy record before the court and the conclusory reasoning offered by the Appeals Council, the court cannot find that the Appeals Council's decision is free from legal error and supported by substantial evidence.

In attempting to unwind the convoluted history of plaintiff's underpayments and overpayments, the Appeals Council determined, in relevant part, that "whether the claimant was overpaid or underpaid is limited to the period beginning September 2007[.]" (Tr. at 9.) The Appeals Council then found that plaintiff "was overpaid $5176 in benefits from September 2007 through July 2013," after a review of payment worksheets prepared by the Appeals Council. (Id.) Nonetheless, because "[t]he Administration previously waived recovery for amounts overpaid the claimant through November 2011 . . . . the Council waive[d] recovery for the $983 the claimant was overpaid through November 2011[.]" (Id.) As a result, "an outstanding overpayment balance of $4,193" remained. (Id.)

However, review of the payment worksheet relied upon by the Appeals Council finds an apparent error. The Appeals Council's payment worksheet reflects that during 2012, plaintiff's monthly benefit was essentially $1,212, until a payment of $1,233 for the final month. (Id. at 240.) One month, however, plaintiff was paid $5,505. (Id.) The Appeals Council's decision noted that "[o]n October 11, 2012, the Administration issued the claimant a payment for $4293 because they had withheld money from his benefits." (Id. at 8.) Plaintiff's usual monthly payment of $1,212, plus the $4,293 one-time payment equals $5,505. It appears that in determining that plaintiff had been overpaid benefits the Appeals Council included the $4,293 payment of benefits that had been previously withheld. But it appears that the $4,293 was money plaintiff was previously entitled to that had been wrongfully withheld.

It may be that there exists an explanation for this apparent error in calculation. That explanation, however, is not apparent from the Appeals Council's opinion, or defendant's motion. Accordingly, plaintiff's motion for summary judgment is granted as to this claim.

4

CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the convoluted history of the accounting of plaintiff's benefits, the court cannot find that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 21) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 27) is denied;

3. The Commissioner's decision is reversed;

////

////

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 5, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\ramirez2640.ord